ALL ISLAND DELIVERY SERVICE, INC., Feuer Transportation, Inc., John A. Jungerman Son, Inc., Pinter Bros., Inc., Troiano Express Co., Inc., Petitioners,

v.

UNITED STATES of America and Interstate Commerce Commission, Respondents.

Drug and Toilet Preparation Traffic Conference, Eastern Industrial Traffic League, National Small Shipments Traffic Conference, Inc., National Industrial Traffic League, Intervenors.

No. 76–1426.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 8, 1977.

Decided Nov. 22, 1977.

 

Bryce Rea, Jr., Washington, D.C. (Rea, Cross & Knebel, Washington, D.C., on brief), for petitioners.

Henri Rush (Robert S. Burk, Acting Gen. Counsel, Hanford O'Hara, Associate Gen. Counsel, I. C. C., Donald I. Baker, Asst. Atty. Gen. and Lloyd John Osborn, Atty., Dept. of Justice, Washington, D.C., on brief), for respondents.

Frederic L. Wood, Washington, D.C. (John F. Donelan, John M. Cleary, Donelan & Cleary, Washington, D.C., on brief), for intervenor the National Industrial Traffic League.

Charles J. McCarthy, Washington, D.C. (Daniel J. Sweeney, Belnap, McCarthy, Spencer, Sweeney & Harkaway, Washington, D.C., on brief), for intervenors Drug and Toilet Preparation Traffic Conference, Eastern Industrial Traffic League and National Small Shipments Traffic Conference.

Before BUTZNER, WIDENER and HALL, Circuit Judges.

**PER CURIAM:**

We granted the motor carriers' petition for rehearing to reconsider our decision upholding an order of the Interstate Commerce Commission in *Ex Parte 297, Rate Bureau Investigation* that withdrew antitrust immunity from rate bureaus protesting independent action proposals of member carriers. Upon consideration of the briefs and oral argument, Judge Butzner and Judge Hall affirm the commission's order for the reasons stated by Mr. Justice Clark in the opinion that he wrote for the original panel of the court. *Motor Carriers Traffic Association, Inc. v. United States*, 559 F.2d 1251, 1254–55 (4th Cir. 1977).

Additionally, Judge Butzner and Judge Hall hold that the commission's order did not violate the carriers' first amendment rights. The order is a proper exercise of the power that the commerce clause confers on Congress and the commission to prohibit anticompetitive conduct. *Cf. California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 92 S.Ct. 609, 30 L.Ed.2d 642 (1972).

WIDENER, Circuit Judge, dissents for the reasons he previously stated. *See Motor Carriers Traffic Association v. United States, supra,* 559 F.2d at 1256–57.